IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br>  *Appellant*,<br>v.<br>PATENT QUALITY ASSURANCE LLC,<br>  *Cross-Appellant*,<br>INTEL CORPORATION,<br>  *Appellee*,<br>KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br>  *Intervenor*. | Nos. 23-2298, 23-2354 |

**VLSI TECHNOLOGY LLC'S REPLY IN SUPPORT OF ITS MOTION FOR A 60-DAY EXTENSION OF TIME TO FILE ITS PRINCIPAL BRIEF**

  Intel agrees with the central premise of VLSI's extension motion: This Court should be afforded sufficient time to decide VLSI's unopposed and ripe-for-resolution Remand Motion before VLSI's principal brief is due. *See* ECF #25 ("Mot.") at 2-3. Like all the parties to these appeals, Intel agrees that a stay and limited remand for resolution of outstanding sanctions issues is warranted. *See* ECF #23 ("Remand Motion") at 2. And Intel nowhere disputes that judicial economy militates strongly in favor of allowing this Court to decide the Remand Motion before VLSI files its brief. *See* Mot. 2-3.

1

The only disagreement is over how best to accommodate this Court's consideration of the Remand Motion. Intel urges that, because the motion "is unopposed and has been pending for more than three weeks," it is "unlikely that the Court needs 60 additional days to decide the motion." ECF #26 ("Resp.") at 1. VLSI would, of course, welcome a prompt order granting its unopposed Remand Motion. But it does not seem appropriate, in VLSI's view, for the parties to attempt to dictate to the Court when it must act on that motion.

Intel's assertion that a 30-day extension necessarily will suffice, moreover, overlooks its own very recent experience. VLSI filed a substantively identical unopposed stay-and-remand motion in another IPR appeal—also involving Intel—on August 7, 2023, over 120 days ago. *See VLSI Tech. LLC v. OpenSky Indus., LLC*, Nos. 23-2158, -2159, Dkts. 15-18, 25 (Fed. Cir.). That motion has been unopposed for over 60 days, and the Court has not yet ruled (beyond *sua sponte* staying the briefing schedule pending resolution of the motion, *see* Nos. 23-2158, -2159, Dkt. 23).[1] VLSI's request for a 60-day extension here thus reflects a far more realistic assessment of the time that this Court, with its many docket demands, may need to resolve the Remand Motion. And if the Court were to grant the unopposed Remand Motion sooner than that, the difference between a 30-day or 60-day extension would

---

[1] Intel initially opposed the *OpenSky* remand motion but withdrew its opposition on September 29, 2023—more than 60 days ago. *See* Nos. 23-2158, -2159, Dkt. 25.

be academic, as the case would return to the PTO for resolution of outstanding issues before appellate briefing proceeds. *See* Mot. 3 n.1; Resp. 1.[2]

Intel's remaining arguments are likewise unpersuasive. It does not seriously dispute that a 60-day extension would reasonably accommodate the numerous other matters in which counsel of record is engaged in this Court and others—not to mention the three federal holidays that fall within the 30-day-extension period Intel proposes. And while the final written decision in the underlying IPR issued in June, Resp. 1, potentially dispositive sanctions issues *still* have not been finally resolved. Until the case is remanded and the PTO finally resolves all sanctions issues, it appears that *no* sanctions issues in this case can be properly presented for this Court's review. *See* Remand Motion 15-16. Intel's assertion that the only remaining sanctions issue for the Director to decide is whether to award attorney's fees, Resp. 1, overlooks that the Director may reconsider her prior sanctions rulings—and indeed has done so repeatedly in the underlying IPR. *See* Paper 108 in IPR2021-01229 (restoring PQA as a party after previously dismissing it as a sanction); Paper 131 in IPR2021-01229 (reconsidering other sanctions rulings). The scope of issues that VLSI may include in its brief thus remains unsettled.

---

[2] The issue likewise could be rendered academic if the Court, as it did in *OpenSky*, stays briefing pending resolution of the unopposed Remand Motion and moots the extension request. *See* Mot. 3 n.1 (explaining that the extension request would be withdrawn in the event the Court grants the stay request first).

Intel cannot credibly claim undue prejudice from a 60-day extension versus a 30-day extension. Resp. 2. As Intel observes, on December 4, this Court vacated the judgment in a patent-infringement action involving the '373 patent at issue in these appeals and remanded for a new damages trial. *Id.* Given that a new trial (and likely appeals from that trial) lies ahead in the infringement action, Intel cannot explain how an additional 30 days in this case would cause it any cognizable prejudice—especially given that Intel *agrees* that this case should be remanded to the PTO for further proceedings *prior to* this Court's review. Remand Motion at 2.

Intel's claim of prejudice is especially inexplicable given the ample opportunity Intel already has had to challenge the '373 patent. Intel previously filed an IPR petition attacking the patent, which was denied in light of the parallel infringement litigation. Remand Motion 5. Intel then chose not to present any invalidity defense to the '373 patent in the infringement litigation. *See* Ex. 2004 in IPR2021-01229. Moreover, Intel is not a proper party to the IPR in this case. It is part of this IPR only because—despite being time-barred and claim-precluded from pursuing IPR itself—it was allowed to join PQA's abusive IPR. *See* Remand Motion 5-11; 35 U.S.C. § 315(b). Intel's desire to exploit PQA's misconduct for its own benefit, in hopes of evading liability in an infringement case where it elected not to contest the patent's validity, is no ground for claiming unfair prejudice.

## CONCLUSION

VLSI's request for a 60-day extension, which the Director does not oppose, should be granted.

|  |  |
|---|---|
| December 6, 2023 | Respectfully submitted,<br><br>/s/ Jeffrey A. Lamken<br><br>Jeffrey A. Lamken<br>  *Counsel of Record*<br>MoloLamken LLP<br>The Watergate, Suite 500<br>600 New Hampshire Avenue, N.W.<br>Washington, D.C.  20037<br>(202) 556-2000 (telephone)<br>(202) 556-2001 (facsimile)<br>jlamken@mololamken.com<br><br>*Counsel for VLSI Technology LLC* |

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-2298, 2023-2354

**Short Case Caption:** VLSI Technology LLC v. Patent Quality Assurance LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __888__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 12/06/2023

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken

Save for Filing