IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br>    *Appellant*,<br><br>v.<br><br>PATENT QUALITY ASSURANCE LLC,<br>    *Cross-Appellant*,<br><br>INTEL CORPORATION,<br>    *Appellee*,<br><br>KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br>    Intervenor. | Nos. 23-2298, 23-2354 |

**PATENT QUALITY ASSURANCE LLC'S NOTICE REGARDING
COMPLETION OF REMAND PROCEEDINGS**

This Court granted VLSI's unopposed motion for limited remand and stay pending resolution of the Director's review proceeding. ECF #28. During the limited remand, the Director issued a final sanctions order thus satisfying the purpose of the limited remand. *See* ECF #31, Attachment A; ECF #33, 2 (stating "the Director issued a final decision resolving all outstanding sanctions issues in the underlying IPR"). VLSI filed a notice proposing that any party challenging the Director's final order

issued during the remand should file a new notice of appeal and seek consolidation of that appeal along with this consolidated appeal. ECF #33. Page 11 of VLSI's notice addresses the question of how this Court should proceed. VLSI proposes burdening the parties, the USPTO, and this Court with new appeals, consolidations, and a complete do over of the work by the USPTO to prepare the record. VLSI's proposal is unnecessarily cumbersome.

This Court blessed a simpler procedure in *Polaris Innovations Ltd. v. Brent*, 48 F.4th 1365 (Fed. Cir. 2022). In *Polaris*, the Federal Circuit issued a limited remand to the Patent Trial and Appeal Board (PTAB) to allow the parties to "seek further action by the Director" in view of the Supreme Court's decision in *Arthrex*. *Id.* at 1371. After the PTAB issued its decision, the patent owner filed an amended notice of appeal challenging denial of a joint motion to terminate filed during remand. *Id.* The Federal Circuit reviewed denial of the motion to terminate along with the merits of the final written decision. *Id.* at 1374, 1381. This simpler procedure of filing amended notices of appeal is appropriate here because, as in *Polaris*, this Court granted a limited remand to add this issue to the pending appeal.

VLSI cites cases where parties attempted to appeal incomplete fees rulings from district courts along with appeals of final merits decisions by those courts. ECF #33, 10-11. Those parties' attempts were rejected because the district court had jurisdiction over the attorney fee issue while the merits appeal was pending. *See White*

*v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451-452 (1982) ("[A] request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action."). Further, *White* recognizes an attorney fee request in a Title VII suit can be made in an entirely new district court action. *Id.* at 451 n.13. VLSI does not argue that the Director had independent jurisdiction to decide sanctions issues. Nor does VLSI argue the Director retained any jurisdiction after a notice of appeal was filed. Instead, VLSI successfully argued for limited remand based in part on doubt that the Director retained jurisdiction to act after VLSI filed its notice of appeal. *Id.*, 8.

    Rule 4 of the Federal Rules of Appellate Procedure provides for an amended notice of appeal and the Federal Circuit has blessed the use of an amended notice to capture a decision issued during a limited remand. PQA already filed its amended notice appeal and revised docketing statement. ECF #31, #32. If another party was injured by the Director's final sanctions order, that party may also be afforded a brief window of opportunity to amend its notice of appeal. Beyond that, the appeal should proceed according to the schedule proposed by Intel. *See* ECF #34.

Dated: December 27, 2023 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ *Truman Fenton*

　　　　　　　　　　　　　　　Brian C. Banner
　　　　　　　　　　　　　　　　　*Principal Attorney*
　　　　　　　　　　　　　　　Truman H. Fenton
　　　　　　　　　　　　　　　Bruce W. Slayden II
　　　　　　　　　　　　　　　Clark Oberembt
　　　　　　　　　　　　　　　SLAYDEN, GRUBERT, BEARD PLLC
　　　　　　　　　　　　　　　401 Congress Avenue, Suite 1650
　　　　　　　　　　　　　　　Austin, TX  78701
　　　　　　　　　　　　　　　(512) 502-3552
　　　　　　　　　　　　　　　*Counsel for Petitioner*

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2023, an electronic copy of the foregoing Notice was filed with the Clerk of Court for the U.S. Court of Appeals for the Federal Circuit, using the appellate CM/ECF system and thereby served upon the following counsel of record by electronic mail.

Email service to counsel for Patent Owner VLSI:

    Babak Redjaian (bredjaian@irell.com)

    Kenneth J. Weatherwax (weatherwax@lowensteinweatherwax.com)

    VLSI_IPRs@lowensteinweatherwax.com

Email service to counsel for Petitioner Intel Corp.:

    William F. Lee (William.Lee@wilmerhale.com)

    Lauren B. Fletcher (Lauren.Fletcher@wilmerhale.com)

    Ben Fernandez (ben.fernandez@wilmerhale.com)

    Madeleine C. Laupheimer (Madeleine.Laupheimer@wilmerhale.com)

    Gary M. Fox (Gary.Fox@wilmerhale.com)

    Steven Horn (steven.horn@wilmerhale.com)

Email service to intervenor Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office:

    Robert J. McManus (robert.mcmanus@uspto.gov)

    Farheena Y. Rasheed (farheena.rasheed@uspto.gov)

    Peter J. Ayers (peter.ayers1@uspto.gov)

Dated: December 27, 2023                    Respectfully submitted,

                                       /s/ *Truman Fenton*

                                       *Counsel for Cross-Appellant*