# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

VLSI TECHNOLOGY LLC,

*Appellant,*

v.

PATENT QUALITY ASSURANCE LLC,

*Cross-Appellant,*

INTEL CORPORATION,

*Appellee,*

KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

*Intervenor.*

Nos. 23-2298, 23-2354

## VLSI TECHNOLOGY LLC'S SUPPLEMENTAL NOTICE REGARDING THE COMPLETION OF PROCEEDINGS ON REMAND

VLSI respectfully responds to Intel's and PQA's notices regarding the completion of remand proceedings, ECF #34; ECF #35, which were filed after VLSI's notice. These appeals should proceed according to this Court's ordinary practices. *See* ECF #33 at 2-3. Neither Intel nor PQA justifies the departure it proposes.

1.    Before filing its notice, Intel took the position that notices of appeal from the Director's final sanctions decision were unnecessary to establish this Court's jurisdiction over sanctions issues in this case. ECF #33 at 3. *But see id.* at 10-14 (explaining why updated notices of appeal are necessary). Now Intel

abandons that position and instead calls for updated notices of appeal covering the new (and final) sanctions decision. *See* ECF #34 at 1-2. But Intel proposes a highly expedited schedule that dramatically departs from ordinary post-remand practice. *Id.* at 3. Intel fails to justify that exceptional request.

2.    Intel proposes updated notices of appeal due January 12, 2024—30 days after the December 13 decision on remand. But Intel ignores Congress's statutory directive that parties challenging PTO decisions must be afforded "in no case less than 60 days" to appeal to this Court. 35 U.S.C. § 142; *see Pfizer Inc. v. Sanofi Pasteur Inc.*, No. 19-1871, Dkts. 87-89 (Fed. Cir. 2022) (updated notice of appeal filed 63 days after decision on remand under 37 C.F.R. § 90.3(b)(1)).

Intel likewise fails to justify the highly expedited briefing schedule it demands, which would make VLSI's opening brief due just 30 days from an order lifting the stay. This Court's ordinary practice in cases like this is exemplified by *Apple Inc. v. Voip-Pal.com, Inc.*, No. 18-1456 (Fed. Cir.). There, following a limited remand for resolution of outstanding sanctions issues and an ensuing updated notice of appeal, *id.*, Dkt. 25, Ex. C, this Court ordered an updated certified list due within 40 days and an opening brief due 60 days after service of the updated certified list, *see* ECF #33 at 15-16 & n.5 (collecting cases).[1] This case's posture is nearly

---

[1] *See also, e.g.*, *UUSI, LLC v. Samsung Elecs. Co., Ltd.*, No. 21-1060, Dkts. 36-40 (Fed. Cir. 2021); *Rembrandt Diagnostics, LP v. Alere, Inc.*, No. 21-1796, Dkts. 23-

identical. Yet Intel does not even attempt to distinguish *Apple*—it ignores the case entirely.

Intel suggests an expedited schedule is warranted because "nothing in the limited remand affected VLSI's appeal from *the final written decision*." ECF #34 at 1-2 (emphasis added). But, as VLSI has explained, the Director's December 13 decision marked the first time that the (expansive) *sanctions* issues in this case became appealable. ECF #33 at 10-14. It also made *new* rulings relevant to the sanctions issues VLSI may raise on appeal. *Id.* at 9, 17. Any appeal brief must address those sanctions issues. The very reason these appeals were stayed, and the case remanded, was so sanctions issues could be properly appealed and considered alongside merits issues. ECF #23 at 17-20; ECF #28 at 2-3. Intel's rushed approach fails to appreciate that the issuance of the Director's final sanctions decision substantially altered the issues that may be properly raised before this Court.[2]

Intel asserts support from *VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, No. 20-2271 (Fed. Cir.), and *Carucel Investments L.P. v. Vidal*, No. 21-1911

---

27 (Fed. Cir. 2021-2022); *Sun Pharm. Indus., Inc. v. Incyte Corp.*, No. 19-2011, Dkts. 56-60 (Fed. Cir. 2021-2022); *Valencell, Inc. v. Fitbit LLC*, No. 21-2041, Dkts. 26-30 (Fed. Cir. 2021-2022).

[2] Intel argues these appeals have been pending for over four months. ECF #34 at 1. But VLSI's unopposed motion to stay and remand was pending for a month of that period. ECF #23 (Nov. 7 motion); ECF #28 (Dec. 7 order). And until the December 13 sanctions decision, VLSI could not appeal and raise sanctions issues in this Court.

(Fed. Cir.).  But—unlike *Apple v. Voip-Pal.com*—neither case involved a new, independently appealable order on sanctions or other such collateral issues.  Intel also overlooks that, in *VirnetX*, the appellant had *already filed* its opening brief when the appeal was remanded for Director review under *Arthrex*.  No. 20-2271, Dkts. 43, 51.  After the appellant appealed from the denial of Director review, the Court simply granted its request to file an *amended* appellate brief within 40 days.  *Id.*, Dkts. 55, 63, 66.  In *Carucel*, the appellant failed to timely notify this Court of the decision on remand.  No. 21-1911, Dkt. 41.  This Court eventually ordered it to file any new notice of appeal within seven days—a total of *88 days* after the appealed remand decision.  *Id.*, Dkt. 44 at 2.  The Court also ordered the PTO to serve an updated certified list and ordered the appellant's brief to be filed approximately *four months* after the decision on remand.  *Id.*  Neither unusual case supports Intel's requested departure from ordinary practice here.

In PQA's sole cited case, *Polaris Innovations Ltd. v. Brent*, briefing on appeal was *completed before* the case was remanded.  No. 19-1484, Dkts. 26, 40, 47, 84 (Fed. Cir.).  After the decision on remand, this Court simply ordered supplemental briefing on the issue that new decision raised.  *Id.*, Dkts. 89, 90.  Here, the remand not only preceded any briefing on appeal, but the appeals were stayed so that the sanctions issues could be briefed on appeal *together with* the merits.  ECF #23 at 17-20; ECF #28 at 2.

3.     Intel's claim of prejudice from following this Court's consistent practice is frivolous.  It cites ongoing infringement litigation.  *See* ECF #34 at 3-4. But as VLSI has explained, Intel's own IPR petition challenging the '373 patent was denied in light of that litigation.  Intel then elected *not* to present an invalidity defense at the infringement trial.  ECF #23 at 5-6; ECF #27 at 4.  Intel cannot claim prejudice from its own tactical choice to forgo its available invalidity defenses.

Despite being time-barred and precluded from filing an IPR petition, Intel was allowed to join PQA's abusive IPR.  ECF #23 at 5-11; *see* 35 U.S.C. § 315(b); *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1328-30 (Fed. Cir. 2008). Intel's desire to exploit PQA's misconduct for its own benefit—to evade the results of a case where Intel chose to drop its invalidity defense—cannot establish unfair prejudice (at least not to *Intel*).  That claim is especially hard to swallow given Intel's prolongation of the infringement case: Intel is not merely seeking rehearing of the Court's decision affirming the judgment of infringement of the '373 patent; it sought and received a 30-day extension for its rehearing request.  No. 22-1906, Dkts. 74, 75.

Time and again this Court has followed a fair, sensible, and statutorily sound practice for proceedings following limited remand.  Intel does not justify the radical departure from settled practice it and PQA demand here.

## CONCLUSION

This case should proceed in the ordinary course, with (1) notices of appeal from the Director's final sanctions decision within 63 days of that decision, (2) consolidation of pending appeals with the sanctions appeals, (3) an updated certified list within 40 days of docketing of the sanctions appeals, and (4) VLSI's opening brief due 60 days after service of the certified list.  Neither Intel nor PQA identifies any basis justifying an exception from that usual practice.

January 3, 2024

Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken
  *Counsel of Record*
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for VLSI Technology LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 2023-2298, 2023-2354

**Short Case Caption** VLSI Technology LLC v. Patent Quality Assurance LLC

**Filing Party/Entity** VLSI Technology LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/03/2024

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| VLSI Technology LLC | | CF VLSI Holding LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Bridget Smith<br>Lowenstein & Weatherwax LLP *No longer with firm | Flavio Rose<br>Lowenstein & Weatherwax LLP *No longer with firm | Edward Hsieh<br>Lowenstein & Weatherwax LLP *No longer with firm |
| Parham Hendifar<br>Lowenstein & Weatherwax LLP | Patrick Maloney<br>Lowenstein & Weatherwax LLP *No longer with firm | Jason C. Linger<br>Lowenstein & Weatherwax LLP *No longer with firm |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  2023-2298, 2023-2354

**Short Case Caption:**  VLSI Technology LLC v. Patent Quality Assurance LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes   1,199   words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/03/2024

Signature:  /s/ Jeffrey A. Lamken

Name:  Jeffrey A. Lamken

Save for Filing