FORM 26. Docketing Statement                                     Form 26 (p. 1)
                                                                  July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## AMENDED DOCKETING STATEMENT

**Case Number:** 2023-2298

**Short Case Caption:** VLSI Technology LLC v. Patent Quality Assurance LLC

**Filing Party/Entity:** VLSI Technology LLC

> **Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| USPTO PTAB | IPR2021-01229 | Inter Partes Review |

**Relief sought on appeal:** ☐ None/Not Applicable

Please see the attached statement of relief sought on appeal.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

Claims 1-16 of U.S. Patent No. 7,523,373 found unpatentable. PQA sanctioned with only "strong admonishment."

**Briefly describe the judgment/order appealed from:**

Please see the attached description of the judgment or order appealed from.

**Nature of judgment (select one):**       **Date of judgment:** 6/13/23

☑ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain) _____

FORM 26. Docketing Statement                                    Form 26 (p. 2)
                                                                   July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☐ None/Not Applicable

> VLSI Technology LLC v. Intel Corporation, No. 22-1906 (opinion issued Dec. 4, 2023) (Richard G. Taranto, J.)

**Issues to be raised on appeal:** ☐ None/Not Applicable

> Please see the attached non-binding statement of the issues to be raised on appeal.

Have there been discussions with other parties relating to settlement of this case?

☑ Yes   ☐ No

If "yes," when were the last such discussions?

- ☐ Before the case was filed below
- ☑ During the pendency of the case below
- ☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☑ No

If they were mediated, by whom?

> N/A

Do you believe that this case may be amenable to mediation? ☐ Yes  ☑ No

**Explain.**

> The parties have discussed settlement multiple times, but have not been able to reach any agreement. VLSI therefore does not expect that mediation would be successful at this time.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

> None.

Date: 2/23/24           Signature: /s/ Jeffrey A. Lamken

                        Name:      Jeffrey A. Lamken

Save for Filing

**Attachment to Appellant's Amended Docketing Statement in**
***VLSI Technology LLC v. Patent Quality Assurance LLC*, No. 2023-2298**

**Statement of Relief Sought on Appeal**

VLSI seeks reversal or vacatur of: the agency's unpatentability determinations and underlying rulings; the denial of the motion to terminate Intel; the grant of Intel's joinder request; the decision not to terminate the IPR as a sanction for PQA's misconduct; the decision not to award monetary sanctions for PQA's misconduct; and any other sanctions rulings adverse to VLSI. In the event the Court vacates and remands the case, VLSI seeks remand to a new panel of Patent Trial and Appeal Board judges.

**Description of the Judgment or Order Appealed From**

VLSI appeals from the PTAB Final Written Decision entered June 13, 2023 (Paper 129) finding that claims 1-16 of U.S. Patent No. 7,523,373 have been shown to be unpatentable, as well as all other underlying and related findings, orders, decisions, rulings, opinions, or other determinations merged into that Decision.

VLSI also appeals from the Director's final sanctions decision entered December 13, 2023 (Paper 143) ordering only a "strong admonishment" against PQA, as well as all other underlying and related findings, orders, decisions, rulings, opinions, or other determinations merged into that decision.

**Non-Binding Statement of the Issues To Be Raised on Appeal**

VLSI states that the issues to be raised on appeal include, but are not limited to:

(1)  whether claims of the '373 patent were erroneously found unpatentable;

(2)  whether joinder was erroneously granted;

(3)  whether VLSI's motion to terminate as to Intel was erroneously denied;

(4)  whether the Director violated 35 U.S.C. §6(c) by acting unilaterally rather than only through rehearing, including in determining that the record at the time of institution presented compelling merits;

(5)  whether the Director or Board violated the APA or the Due Process Clause;

(6)  whether the Director erred in refusing to consider Exhibit 3030, including for purposes of seeking additional discovery;

(7)  whether the Director erred in refusing to terminate the IPR as a sanction for PQA's misconduct;

(8)  whether the Director erred in refusing to require PQA to comply with discovery orders in connection with sanctions proceedings or to order additional discovery;

(9)  whether the Director erred in refusing to order monetary sanctions against PQA; and

(10) whether the Director erred in refusing on reconsideration (Paper 131) to reach the issue of PQA's reason for filing its petition.