**Nos. 2023-2298, -2354**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

VLSI TECHNOLOGY LLC,

*Appellant*,

v.

PATENT QUALITY ASSURANCE LLC,

*Cross-Appellant*,

INTEL CORPORATION,

*Appellee*,

KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

*Intervenor.*

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-01229 and IPR2022-00479

**APPELLEE INTEL CORPORATION'S OPPOSITION TO APPELLANT VLSI TECHNOLOGY LLC'S MOTION FOR EXTENSION OF TIME TO FILE PRINCIPAL BRIEF**

STEVEN J. HORN
GARY M. FOX
WILMER CUTLER PICKERING
　HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 663-6000

BENJAMIN S. FERNANDEZ
WILMER CUTLER PICKERING
　HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO  80202
(720) 274-3135

WILLIAM F. LEE
LAUREN B. FLETCHER
MADELEINE C. LAUPHEIMER
WILMER CUTLER PICKERING
　HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Appellee Intel Corporation*

May 31, 2024

Appellee Intel Corporation respectfully requests that the Court deny Appellant/Cross Appellee VLSI Technology LLC's request for a 45-day extension of time in which to file its opening brief (ECF 49 ("Mot.")) and instead grant VLSI no more than a 14-day extension.

Intel objects to VLSI's requested 45-day extension because VLSI has engaged in a series of attempts to delay its own appeal from an adverse IPR decision in the hopes of collecting damages on a patent that the Patent Trial and Appeal Board has found unpatentable. VLSI has already filed two motions to stay these appeals (ECF 23, 48)[1]; a request to restart and extend the entire appeal schedule after a "limited remand" to the Board (ECF 33); and a previous extension motion, which VLSI later withdrew (ECF 25, 29). As a result of its procedural maneuverings, VLSI has now had over eleven months since the Board's final written decision to prepare the bulk of its opening appeal brief. There is no reason that VLSI should be unable to file its brief on the current schedule that VLSI itself proposed (ECF 33) and the Court adopted (ECF 37) after the limited remand to the Board.

---

[1] Intel agreed to VLSI's first requested stay because the USPTO Director indicated that she would decide the remaining sanctions issue as quickly as possible—but only after this Court ordered a limited remand for her to do so. *See* ECF 23 at 1-2. Agreeing to that stay and limited remand therefore seemed to be the fastest way to reach an ultimate resolution of these appeals.

VLSI purports to seek this 45-day extension to allow this Court additional time to decide VLSI's motion to stay these appeals pending a decision in *Lynk Labs, Inc. v. Samsung Electronics Co.*, No. 2023-2346 (Fed. Cir.). Mot. 2-3. But the timing here is a result of VLSI's own making. VLSI was aware of the basis for its motion to stay more than four months ago, by January 17, 2024, when it filed an amicus brief in the *Lynk Labs* appeal. *See Lynk Labs, Inc. v. Samsung Elecs. Co.*, No. 2023-2346, ECF 17 at 1 (Fed. Cir. Jan. 17, 2024) (VLSI's amicus brief stating that VLSI's appeal here "presents the same legal question" as in *Lynk Labs*). Yet VLSI waited until May 24, 2024, just over two weeks before its opening brief was due in these appeals, to file its stay motion. ECF 48. If VLSI wanted to ensure that this Court had adequate time to decide its stay motion before its opening brief was due, VLSI could have—and should have—filed its stay motion earlier. VLSI's own delay in filing that motion does not warrant a 45-day extension for its opening brief, particularly given that further delay in these appeals would prejudice Intel. *See infra*.

VLSI also contends that it requires a 45-day extension because this case is "highly complex." Mot. 4-5. While Intel does not agree with VLSI's characterization of the issues in these appeals, VLSI has already had an extended period of time to prepare its opening brief as a result of the limited remand to the Board. In fact, nearly all of the issues that VLSI has identified as ones it may raise on appeal arise from Board or Director orders dated August 3, 2023 or earlier—i.e.,

ten months ago. *See* ECF 40 (VLSI's amended docketing statement). VLSI has identified only one appeal issue as relating to the Director's sanctions order that issued during the limited remand, on December 13, 2023—which was still over five months ago. *See id.* (issue # 9). Even after the limited remand, VLSI itself proposed the current schedule that the Court adopted (ECF 33, 37), despite all other parties suggesting that the Court should adopt a schedule with less delay (ECF 34, 35). Under these circumstances, VLSI fails to provide an adequate explanation for why it requires a 45-day extension to prepare its opening brief when it has already had so much time to do so.

VLSI further states that its counsel of record is "heavily engaged with the press of other matters" that necessitate an extension. Mot. 3. Although VLSI has had more than sufficient time to prepare its opening brief in these appeals, as a professional courtesy, Intel does not object to a 14-day extension to accommodate counsel's other obligations.

Additionally, VLSI's request for a 45-day extension of time would prejudice Intel by delaying this Court's review of the Board's final written decision in the underlying IPR. In a related district court action, a jury awarded VLSI $1.5 billion for Intel's alleged infringement of U.S. Patent No. 7,523,373. *See VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332, 1349 (Fed. Cir. 2023). This Court vacated the district court's judgment and remanded for, among other things, a new trial on damages. *Id.*

3

at 1352. And even though the Board has found every asserted claim unpatentable, VLSI is still pursuing damages for the '373 patent on remand. Intel would be prejudiced if VLSI were permitted to further delay affirmance of the Board's unpatentability determinations here—which will moot VLSI's infringement and damages claims in the district court. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."); *VirnetX Inc. v. Apple Inc.*, No. 2021-1672, 2023 WL 2770074, at *1 (Fed. Cir. Mar. 31, 2023) ("Now that we have affirmed the Board's finding of unpatentability, VirnetX has lost its cause of action, and its dispute with Apple is moot.").

## CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court deny VLSI's motion for a 45-day extension of time in which to file its opening brief and instead grant VLSI no more than a 14-day extension.

Respectfully submitted,

/s/ William F. Lee

|  |  |
|---|---|
| STEVEN J. HORN<br>GARY M. FOX<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW<br>Washington, DC  20037<br>(202) 663-6000<br><br>BENJAMIN S. FERNANDEZ<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1225 Seventeenth Street, Suite 2600<br>Denver, CO  80202<br>(720) 274-3135<br><br>May 31, 2024 | WILLIAM F. LEE<br>LAUREN B. FLETCHER<br>MADELEINE C. LAUPHEIMER<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>(617) 526-6000<br><br><br>*Attorneys for Appellee Intel Corporation* |

# CERTIFICATE OF INTEREST

Counsel for Appellee Intel Corporation certifies the following:

**1.    Represented Entities**. Fed. Cir. R. 47.4(a)(1).  Provide the full names of all entities represented by undersigned counsel in this case.

Intel Corporation

**2.    Real Party in Interest**. Fed. Cir. R. 47.4(a)(2). Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

**3.    Parent Corporations and Stockholders**. Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

**4.    Legal Representatives**. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

WILMER CUTLER PICKERING HALE AND DORR LLP: David L. Cavanaugh, Yvonne S. Lee (former); Dominic E. Massa

**5.    Related Cases**.  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

[X]  Yes (file separate notice; see below)    [ ]  No    [ ]  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  Please do not duplicate information.  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

Already filed.

**6.    Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

None.

Dated: May 31, 2024

/s/ William F. Lee
WILLIAM F. LEE
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1. The filing has been prepared using a proportionally-spaced typeface and includes 980 words.

2. The filing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

May 31, 2024

/s/ William F. Lee
WILLIAM F. LEE
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000