IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| VLSI Technology LLC,<br><br>   *Appellant*,<br><br>v.<br><br>Patent Quality Assurance LLC,<br><br>   *Cross-Appellant*,<br><br>Intel Corporation,<br><br>   *Appellee*,<br><br>Katherine K. Vidal, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br><br>   *Intervenor*. | Nos. 23-2298, 23-2354 |

**VLSI TECHNOLOGY LLC'S REPLY IN SUPPORT OF ITS MOTION
FOR A 45-DAY EXTENSION OF TIME TO FILE ITS PRINCIPAL BRIEF**

  The Director does not oppose VLSI's request for a 45-day, first extension for its opening brief in these consolidated appeals. ECF #49 at 2 ("Extension Motion"). Although PQA and Intel do not oppose a 14-day extension, *see* ECF #53 at 1; ECF #52 at 3, they provide no sound reason for opposing the requested 45-day period.

  1. As VLSI has explained, the requested extension will afford the Court time to resolve the pending motion to stay these appeals pending a decision in *Lynk Labs, Inc. v. Samsung Electronics Co.*, No. 23-2346. *See* ECF #48 ("Stay Motion"). Neither Intel nor PQA disputes that judicial economy favors allowing the Court to

1

decide the Stay Motion before VLSI must file its opening brief. Extension Motion 2-3. Nor can they dispute that the requested extension represents a reasonable amount of time for the Court to decide that motion. Indeed, it may be conservative: In a related IPR appeal, VLSI's contested motion for a stay and limited remand was granted four months after the motion was filed—and 69 days after Intel dropped its opposition, rendering the motion unopposed.[1] (This Court could also grant a temporary stay pending resolution of the Stay Motion. *See* Stay Motion 2.)

PQA opposes an extension exceeding 14 days "in view of previous extensions already granted." That does not make sense. As VLSI explained, the Court has not granted any prior extension request in these appeals. Extension Motion 1-2 & n.1.

Intel complains (at 2) that VLSI did not seek a stay immediately upon filing its amicus brief in *Lynk Labs*. But it was not apparent that a stay was warranted until later, in May, when the Director and Intel filed their own briefs in *Lynk Labs* (weighing in at 30 and 28 pages, respectively). Once it became clear that the Director, Intel, and VLSI were all actively participating on the common issue in *Lynk Labs*, VLSI promptly moved for a stay. That motion was filed ***one day*** after Intel's *Lynk Labs* amicus brief was accepted on May 23, ensuring Intel would be heard in that case, and just two weeks after Intel sought leave to file its brief on May 10.

---

[1] *See VLSI Tech. LLC v. OpenSky Industries, LLC*, No. 23-2158, Dkt. 15 (VLSI's Aug. 7, 2023 motion); No. 23-2158, Dkt. 25 (Intel's Sept. 29, 2023 notice dropping opposition); No. 23-2158, Dkt. 27 (Dec. 7, 2023 order granting motion).

2. Apart from facilitating consideration of the Stay Motion, a 45-day first extension for VLSI's opening brief is appropriate in view of the case's complexity and the press of other matters in which counsel of record is engaged. Extension Motion 3-5. Such extensions are common. In counsel's experience, appellants often seek 60-day extensions for opening briefs. Intel and PQA never suggest otherwise.

Intel instead accuses VLSI of "procedural maneuverings." ECF #52 at 1. But those "maneuverings" comprised an ***unopposed*** motion for a stay pending a limited remand for resolution of outstanding sanctions issues. ECF #23. And ***this Court granted*** the stay and remand, finding they "may facilitate this court's review." ECF #27 at 2. Once the remand proceedings concluded, VLSI requested that the appeals proceed "in the ordinary course," with a "typical briefing schedule." ECF #33 at 3, 17-18; *see* ECF #36 at 1 ("These appeals should proceed according to this Court's ordinary practices."). This Court ***granted*** that request, ordering that amended notices of appeal be "due in accordance with 35 U.S.C. §142 and 37 C.F.R. §90.3(b)(1)," and that VLSI's opening brief be "due within the time allowed by the Federal Circuit rules after entry of the amended certified list." ECF #37 at 2. It rejected Intel's and PQA's demand for an accelerated schedule. *See* ECF #34, #35.

VLSI thus has had an ordinary amount of time to prepare its brief since the case became properly ripe for appellate review. Indeed, the decision that rendered the appeals fully ripe—the Director's final sanctions decision following the limited

remand—was *adverse* to VLSI. It denied VLSI's request for compensatory and other sanctions for PQA's misconduct, and merely "admonish[ed]" PQA instead. Paper 143 at 9-11. The sanctions issue on its own has a lengthy history and share of complexity. *See* Stay Motion 7-8, 10, 18-19; ECF #23 at 5-12. To be sure, other rulings VLSI plans to appeal were decided earlier. But it is hardly uncommon for some issues in a case to be resolved before the case as a whole is ready for appellate review (*e.g.*, partial-summary-judgment and *Daubert* rulings may be decided months or even years before the denial of post-judgment motions makes the case ready for appeal). The appellate schedule appropriately runs from when the proceedings below are no longer a moving target for the appellant.

3. PQA does not argue the requested extension will cause it any prejudice. Nor could it: PQA produces no products and faces no infringement risk. *See* Stay Motion 21. Intel asserts prejudice in relation to its infringement of the '373 patent, ECF #52 at 3-4—an infringement finding this Court affirmed. Intel omits that it chose to *abandon* its invalidity defense in the district-court action and was itself *time-barred* from pursuing this IPR. Stay Motion 21-22. Intel is part of this case only because PQA filed its abusive petition. Intel's desire to exploit PQA's misconduct for its own benefit, in hopes of evading liability in an infringement case where it elected not to contest validity at trial, is no ground for claiming unfair prejudice from the extension VLSI requests.

## **CONCLUSION**

The Court should grant a 45-day extension for VLSI's principal brief.[2]

June 3, 2024                                              Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken
   *Counsel of Record*
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for VLSI Technology LLC*

---

[2] As noted, VLSI intends to withdraw the Extension Motion if the Court grants the Stay Motion and stays the appeals pending a decision in *Lynk Labs*. Extension Motion 3 n.2.

FORM 9. Certificate of Interest                                                Form 9 (p. 1)
                                                                               March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number** 2023-2298, 2023-2354

**Short Case Caption** VLSI Technology LLC v. Patent Quality Assurance LLC

**Filing Party/Entity** VLSI Technology LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/03/2024            Signature: /s/ Jeffrey A. Lamken

                            Name:      Jeffrey A. Lamken

FORM 9. Certificate of Interest Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| VLSI Technology LLC | | CF VLSI Holding LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐　Additional pages attached

FORM 9. Certificate of Interest                                   Form 9 (p. 3)
                                                                  March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Bridget Smith<br>Lowenstein & Weatherwax LLP *No longer with firm | Flavio Rose<br>Lowenstein & Weatherwax LLP *No longer with firm | Edward Hsieh<br>Lowenstein & Weatherwax LLP *No longer with firm |
| Parham Hendifar<br>Lowenstein & Weatherwax LLP | Patrick Maloney<br>Lowenstein & Weatherwax LLP *No longer with firm | Jason C. Linger<br>Lowenstein & Weatherwax LLP *No longer with firm |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable   ☐ Additional pages attached

FORM 19. Certificate of Compliance with Type-Volume Limitations　　　Form 19
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-2298, 2023-2354

**Short Case Caption:** VLSI Technology LLC v. Patent Quality Assurance LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __978__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 06/03/2024　　　　　　　　Signature: /s/ Jeffrey A. Lamken

　　　　　　　　　　　　　　　　Name: Jeffrey A. Lamken

Save for Filing