## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

VLSI TECHNOLOGY LLC,

*Appellant,*

v.

PATENT QUALITY ASSURANCE LLC,

*Cross-Appellant,*

INTEL CORPORATION,

*Appellee,*

KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

*Intervenor.*

Nos. 23-2298, 23-2354

## APPELLANT'S UNOPPOSED MOTION FOR LEAVE TO MARK IN EXCESS OF 15 UNIQUE WORDS AS CONFIDENTIAL

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Rules 25.1(d)(3) and 27, appellant/cross-appellee VLSI Technology LLC respectfully moves for leave to mark more than 15 unique words as confidential in its opening brief, filed today. VLSI has asked counsel for appellee/cross-appellant Patent Quality Assurance LLC ("PQA"), appellee Intel Corporation, and intervenor Katherine K. Vidal, Director of the Patent and Trademark Office, for their positions on the motion. PQA and Intel take no position on this motion. Counsel for the Director did not respond before the filing of this motion.

1.     These are consolidated appeals from an inter partes review of VLSI's '373 patent (U.S. Patent No. 7,523,373).   In March 2021, a jury found that Intel infringed two of VLSI's patents—including the '373 patent—and awarded VLSI damages.   Shortly after the verdict, PQA was formed as an LLC and filed an IPR petition challenging the '373 patent.   PQA's petition was a near-carbon-copy of an IPR petition Intel filed in 2019.   The PTAB instituted PQA's IPR and then joined Intel, despite Intel's being time-barred from petitioning for IPR itself.

In June 2022, the Director ordered inquiry into whether PQA had abused the IPR process, including by using its IPR to extort VLSI.   She ordered PQA to produce documents and answer interrogatories about, *inter alia*, its ownership, funding, and purpose; relationship with Intel; and communications with VLSI.

The Director found that PQA engaged in discovery misconduct by violating those orders.   She also found that PQA filed its petition for the "improper purpose of extracting money from VLSI" and that PQA made misrepresentations to the PTAB about its purportedly "exclusive" relationship with its expert.   Paper 102 at 49-53.[1]   All of PQA's misconduct, the Director concluded, was sanctionable.   But the Director declined to terminate the IPR as a sanction as VLSI requested.

---

[1] Unless otherwise noted, "Paper" and "Ex." citations refer to filings in the underlying IPR proceeding (IPR2021-01229), while "ECF #" citations refer to filings on the docket of the lead appeal (Fed. Cir. No. 23-2298).

Instead, she initially dismissed PQA from the proceeding and ordered PQA to show cause as to why it should not be ordered to pay compensatory expenses.

Shortly after the Director found PQA engaged in sanctionable conduct, the PTO was forwarded a report, Ex. 3030, which the Director ordered be maintained under seal.  VLSI sought discovery based on the report's contents, but the Director ruled that VLSI could not rely on the report to request discovery.  The Director later reaffirmed her findings that PQA engaged in sanctionable discovery misconduct and made misrepresentations.  She indicated she would not address whether PQA filed its IPR for an improper purpose, but did not identify any error in her prior findings that PQA filed its IPR to extort VLSI.  The Director also reinstated PQA as a party.  Ultimately, the Director sanctioned PQA with an admonishment and warning.  Meanwhile, the PTAB found all challenged claims unpatentable.

VLSI appealed from the PTAB's final written decision and the Director's final sanctions order.  Among other rulings (such as the PTAB's unpatentability determinations), VLSI seeks review of the Director's sanctions decisions, including the refusal to terminate the IPR for PQA's misconduct and the decision to bar consideration of the report at Ex. 3030 and discovery related to that report.

2.    Parties may mark information in a brief as confidential if "the information (1) is treated as confidential pursuant to a judicial or administrative

protective order and (2) such marking is authorized by statute, administrative regulation, or court rule." Fed. Cir. R. 25.1(d)(1). The Director entered a protective order on July 7, 2022 (the "Protective Order"). Paper 36; Ex. 3003. The Protective Order permits the parties to designate documents that contain "trade secret or other confidential research, development, or commercial information" as "PROTECTIVE ORDER MATERIAL – CONFIDENTIAL" and documents that contain "extremely sensitive confidential information, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means" as "PROTECTIVE ORDER MATERIAL – HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY." Ex. 3003 at 1.

In its opening brief, VLSI relies on references to discussions between VLSI and PQA relevant to the Director's sanctions determinations; PQA designated those materials as confidential under the Protective Order and the Director redacted them from the public docket in her sanctions orders.[2]

VLSI also relies on the report forwarded to the PTO along with filings and orders related to the report, all of which the Director filed (or required to be filed) under seal.[3] Although VLSI requested in the proceedings below that the report and

---

[2] *See* Paper 101 (sealed Director order); Paper 130 (sealed Director order); Paper 102 (public version of Paper 101); Paper 131 (public version of Paper 130); *see also* Ex. 2067, Ex. 2069, Ex. 2075, Ex. 2076.

[3] *See* Paper 116, Paper 119, Ex. 3029, Ex. 3030, Ex. 3034.

related materials be made part of the public record, the Director denied that request. Paper 112 at 3. VLSI argued that the report should "be made part of the public record because the submission was not marked as confidential, and was possessed by multiple members of the House Oversight Committee, multiple additional staffers on the Senate Judiciary Committee, and the Patents Ombuds Office of the USPTO, all without any apparent confidentiality restrictions," and "that there is a public interest in the proceeding." *Id.* The Director denied VLSI's request to make the report public, stating that the basis for denying the request was "to balance the Office's interest in transparency with its interest in not further disseminating such communications." *Id.* The materials thus remain under seal, and this motion is submitted in conformance with the Director's orders.

The material VLSI seeks to redact satisfies this Court's Rule 25.1(d)(1) because it relates to information sealed pursuant to the Protective Order or the Director's other confidentiality orders. Such sealing is authorized by administrative regulation. *See* 37 C.F.R. §42.14 (records of IPR proceedings are public "except as otherwise ordered"); 35 U.S.C. §316(a)(7) (requiring the Director to propound a regulation "providing for protective orders governing the exchange and submission of confidential information").

3.     The total number of unique words that VLSI seeks to mark as confidential in its principal brief is 137. To mark more than 15 unique words as

confidential, a party must show that "the additional [confidentiality] markings are appropriate and necessary," including, for example, where "an argument cannot be properly developed without additional disclosure of confidential information, and public disclosure will risk causing competitive injury." Fed. Cir. R. 25.1(d)(3)(A).

Here, VLSI cannot properly develop its arguments without inclusion of the portions of its brief that it seeks to file under seal. In challenging the Director's sanctions decision, VLSI cites discussions with PQA that PQA marked confidential under the Protective Order and that the Director redacted from the public version of her orders. The material VLSI cites is central to its arguments that the Director's sanctions decisions were erroneous. Likewise, in challenging the Director's denial of discovery based on the report filed at Ex. 3030 and the Director's refusal to consider that report, VLSI must describe the report's contents and its relation to this case. VLSI cannot otherwise properly develop its arguments.

For the foregoing reasons, VLSI respectfully requests that this Court permit the filing of its principal brief with 137 unique words marked as confidential.

July 10, 2024

Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken
   *Counsel of Record*
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for VLSI Technology LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2023-2298, 2023-2354 |
| **Short Case Caption** | VLSI Technology LLC v. Patent Quality Assurance LLC |
| **Filing Party/Entity** | VLSI Technology LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/10/2024

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken

**FORM 9. Certificate of Interest**

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| VLSI Technology LLC | | CF VLSI Holding LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| Bridget Smith<br>Lowenstein & Weatherwax LLP *No longer with firm | Flavio Rose<br>Lowenstein & Weatherwax LLP *No longer with firm | Edward Hsieh<br>Lowenstein & Weatherwax LLP *No longer with firm |
| Parham Hendifar<br>Lowenstein & Weatherwax LLP | Patrick Maloney<br>Lowenstein & Weatherwax LLP *No longer with firm | Jason C. Linger<br>Lowenstein & Weatherwax LLP *No longer with firm |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑     Yes (file separate notice; see below)     ☐     No     ☐     N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  2023-2298, 2023-2354

**Short Case Caption:**  VLSI Technology LLC v. Patent Quality Assurance LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  1,216  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date:  07/10/2024

Signature:  /s/ Jeffrey A. Lamken

Name:  Jeffrey A. Lamken